UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JAMES E. COHAN,

    Plaintiff(s),

v.

JOSEPH LOMBARDO, *et al.,*

    Defendant(s).

Case No. 2:17-cv-01651-JCM-NJK

ORDER

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 4. Plaintiff also submitted a complaint. Docket No. 1-1.

## I. *In Forma Pauperis* Application

Plaintiff has submitted the affidavit required by § 1915(a). Docket No. 4. The Court concludes that Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

## II. Screening Complaint

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Fed. R. Civ. P. 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

A. Federal Claims

Based on the caption of his complaint, Plaintiff is filing a cause of action under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a person acting under the color of state law violated a right secured by the Constitution. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted). Plaintiff's complaint includes an anecdote of an encounter with Defendant Sergeant Rick Binyon, during which Plaintiff was issued a ticket as a "non compliant [*sic*] homeless sex offender" for failure to register. Docket No. 1-1 at 2. Plaintiff also includes an anecdote of an

encounter with all four Defendants, during which Plaintiff was arrested,[1] spent five days in Clark County Jail, appeared in court and was informed charges were not being filed against him. *See id.* at 3. Plaintiff makes a conclusory statement that Defendants' actions violated his civil rights and "offend the Constitution of the United States." Docket No. 1-1 at 6. While Plaintiff claims Defendants acted under the color of law in various situations, he fails to state which constitutional rights, if any, Defendants violated.

### B. State Claims

Based upon Plaintiff's factual allegations, he appears to instead state claims for slander, libel, and defamation. Plaintiff claims a chain of events resulted from the display of information on the *lvmpd.com* website about his conviction for sexual assault in Arizona. Docket No. 1-1. Plaintiff denies this conviction and concludes that an (unidentified) employee within the Las Vegas Metropolitan Police Department ("LVMPD") maliciously entered the information of his conviction on the website. *Id.*

#### 1. Improper Defendants

As an initial matter, the Court notes that Plaintiff has improperly sued Clark County Sheriff Joseph Lombardo. "Liability under section 1983 arises only upon a showing of personal participation [in the alleged misconduct] by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff's only mention of Defendant Lombardo is in his allegation of the misconduct of an unidentified "employee of the Las Vegas Metropolitan Police Department who is under the control of Clark County Sheriff Joseph Lambardo [*sic*]." Docket No. 1-1 at 5.

Additionally, Plaintiff does not claim that Defendants Binyon, Smith, or Newcomb played any role in entering the alleged false information regarding Plaintiff's sexual assault conviction into the *lvmpd.com* website, which is the crux of the complaint. Instead, Plaintiff alleges an unidentified LVMPD employee entered information about Plaintiff's sexual assault conviction onto the

---

[1] It appears that Plaintiff was sleeping in his car in a parking lot and was approached by Defendants Binyon, Smith, and Newcomb. However, it is unclear if Plaintiff was arrested for sleeping in his car, any unidentified conduct after Defendants arrived, or for the fact that Defendant Binyon claimed "he made a mistake by giving [Plaintiff] a ticket that he should have taken [Plaintiff] to jail." Docket No. 1-1 at 2.

*lvmpd.com* website. Docket No. 1-1 at 5. The availability of this information allegedly led to Plaintiff's eviction in June 2016, his ticket from Defendant Binyon on October 8, 2016, and his arrest by Defendants on October 9, 2016. *Id.* The LVMPD employee that allegedly entered the information is neither a defendant in this suit nor identified in the facts presented.

2. State Tort Claims

Slander, libel, and defamation are tort causes of action arising from state law and do not raise a claim under section 1983, let alone any other federal law. *Emrit v. Sandoval*, 2015 U.S. Dist. LEXIS 20122, at *10 (D. Nev. Feb. 17, 2015) (citing *Hunter v. United Van Lines*, 746 F.2d 635, 644 (9th Cir. 1984)). Given that Plaintiff has failed to state a claim as to his federal law causes of action, the undersigned will not screen his state law claims at this time since a failure to state a federal claim will lead to a recommendation that the Court decline to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (*en banc*) (district court has discretion to keep, or decline to keep, state law claims under conditions set forth in § 1367(c)).

C. Leave to Amend

In addition to the above mentioned deficiencies, Plaintiff has also failed to explain why this Court has jurisdiction over any claim he intends to bring against Defendants.[2] To comply with Fed. R. Civ. P. 8, a complaint must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). Although the Court construes complaints drafted by *pro se* litigants liberally, they still must comply with the basic requirements of Rule 8. *See, e.g.*, *Montgomery v. Las Vegas Metropolitan Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). Moreover, the complaint must sufficiently allege a basis for the Court to assert subject matter jurisdiction over the case.

---

[2] "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). With respect to federal question jurisdiction, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Although Plaintiff's complaint fails to satisfy Fed. R. Civ. P. 8 and fails to state a claim, the Court will allow Plaintiff an opportunity to amend the complaint to cure its deficiencies.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Complaint is **DISMISSED** with leave to amend. Plaintiff will have until **November 3, 2017**, to file an Amended Complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

Dated: October 3, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge