UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JAMES E. COHAN,

               Plaintiff(s),

v.

JOSEPH LOMBARDO, et al.,

               Defendant(s).

Case No. 2:17-cv-01651-JCM-NJK

ORDER

(Docket Nos. 14, 15)

Plaintiff is proceeding in this action *pro se* and requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 4. On October 3, 2017, the Court granted Plaintiff's application to proceed *in forma pauperis*, and screened his complaint pursuant to 28 U.S.C. § 1915. Docket No. 5. The Court identified numerous deficiencies in Plaintiff's complaint, and therefore dismissed his complaint with leave to amend to provide him an opportunity to cure those defects. *Id.*

**I.     Background**

Plaintiff has now filed an amended complaint and an errata to his amended complaint, which he frames as an action under 42 U.S.C. § 1983. Docket Nos. 14, 15. Plaintiff contests his arrest by Defendants Sergeant Rick Binyon and Officer Travis Newcomb on October 10, 2016, for indecent exposure and for being "a non compliant sex offender." Docket No. 14 at 3-4. Plaintiff submits that he has never been convicted of sexual assault and that his arrest resulted from false information on the *lvmpd.com* website about his conviction for sexual assault in Arizona. *Id.* at 2. As a result of

his arrest, Plaintiff alleges he spent five days in jail until he was released and informed that the District Attorney was not filing charges.[1]  *Id.* at 3.

## II. Discussion

Plaintiff's amended complaint alleges a § 1983 claim for deprivation of due process under the Fourth Amendment against Defendants Binyon, Newcomb, and Sheriff Joseph Lombardo.[2] Docket Nos. 14, 15.  To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or statutory law has been violated, and the deprivation was committed by a person acting under color of law.  *See Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).  Plaintiff meets these basic requirements by identifying a constitutional amendment and alleging that Defendants Binyon and Newcomb acted under the color of law as police officers.[3]  Docket No. 14 at 4.  However, the Court must also examine whether Plaintiff states a claim against Defendants under the Fourth Amendment.

The Fourth Amendment protects an individual from unreasonable searches and seizures. U.S. Const. Amend. IV.  Plaintiff alleges that his Fourth Amendment rights were violated when an unidentified employee of the Las Vegas Metropolitan Police Department ("LVMPD") intentionally entered false information on the *lvmpd.com* website that Plaintiff had been convicted of sexual assault in Arizona and when he was arrested by Defendants Binyon and Newcomb and held in jail for five days before his release.  Docket No. 14 at 2-4.

---

[1] Plaintiff alleges in his complaint that he was arrested on October 9, 2016, not October 10, 2016.  *Compare* Docket No. 1-1 at 2 *with* Docket No. 14 at 3.  Plaintiff alleges in his amended complaint that he spent five days in jail; however, he also alleges that he was released from jail on October 13, 2016, following his court appearance.  Docket Nos. 1-1 at 3, 14 at 3.

[2] Plaintiff's amended complaint claims a violation of his First and Fifth Amendment rights. Docket No. 14 at 4.  However, in his errata to his amended complaint, he corrects his allegation that Defendants violated his Fourth Amendment rights, not his First and Fifth Amendment rights. Docket No. 15.  Therefore, the Court construes his amended complaint to allege a violation of his Fourth Amendment rights.

[3] As the Court previously stated, Defendant Lombardo has been improperly sued.  Docket No. 5 at 3.  "Liability under section 1983 arises only upon a showing of personal participation [in the alleged misconduct by the defendant."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has failed to correct this deficiency in his amended complaint.  Docket Nos. 14 at 2, 15.

A. Claim as to the Website Information

Plaintiff submits that he contacted LVMPD to identify the employee whom he alleges entered the false information regarding his sexual assault conviction, but was unable to obtain the name of the individual. Docket No. 14 at 2. Plaintiff further submits "that the [m]etropolitan [p]olice [d]epartment, being a branch of the county government operates as one office and all of its employees, in the course of carring [sic] out their duties, act as one person not as individuals since they are carring [sic] out one purpose" and, therefore, whomever entered the information into the *lvmpd.com* website is liable under § 1983. *Id.* at 2-3.

The Ninth Circuit has held that, where the identity of defendants is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendant, unless it is clear that discovery would not uncover the identity of the defendant, or that the complaint would be dismissed on other grounds. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

Even accepting Plaintiff's allegations as true, his claim regarding the information entered on the website is deficient for two reasons. First, it is not properly pled under the theory of a violation of his Fourth Amendment rights. Simply put, entering false information on a public website does not constitute a search or a seizure in violation of the Fourth Amendment. For the claim to proceed, Plaintiff must provide a short and plain statement of the claim in compliance with Fed.R.Civ.P. 8(a)(2) on the appropriate theory of liability. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995); *see also* Docket No. 5 (the Court's first screening order). Second, Plaintiff must name the unidentified LVMPD employee as a "Doe" defendant within the caption of his amended complaint. *See Wakefield,* 177 F.3d at 1163; *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (acknowledging the importance of a proper caption to guide the Court's docket management and upholding the District Court's decision to dismiss the *pro se* plaintiff's amended complaint with prejudice for failure to correct the caption pursuant to the District Court's order). As it is not clear at this time that discovery would not uncover the identity of the individual Plaintiff alleges entered the information, and because the Court dismisses herein Plaintiff's amended complaint with leave to amend, Plaintiff may name the

unknown LVMPD employee as a Doe defendant.[4]

B.   Claim as to Plaintiff's Arrest and Detention

Plaintiff submits that he was kept in jail for five days following his arrest and that "by arresting and having him incarcerated ewithout [*sic*] due process of law" Defendants violated his Fourth Amendment rights. Docket Nos. 14 at 3, 15. The Fourth Amendment, however, applies to searches and seizures, not due process. *See infra* Section II. Plaintiff's conclusory allegations that he was detained from the time of his arrest until the District Attorney decided not to file charges fails to state a claim upon which relief can be granted. *See, e.g.*, *Bell v. Wolfish*, 441 U.S. 520, 523, 534 n.15 (1979) (the government may legally incarcerate an individual prior to a determination of his guilt or innocence, so long as it complies with constitutional requirements and statutory provisions).

## III.   Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's amended complaint and errata to his amended complaint are **DISMISSED** with leave to amend. Docket Nos. 14, 15. Plaintiff will have until May 7, 2018, to file a second amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend his complaint a second time, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint or the first amended complaint) in order to make the second amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint and any previous amended complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original and any previous complaint no longer serve any function in the case. Therefore, in a second amended complaint, as in an original and any previous amended complaints, each claim and the involvement of each Defendant must be sufficiently alleged.

//

---

[4] The Court expresses no opinion herein on whether the count alleged against the Doe defendant will be sufficient for screening purposes.

2. **Failure to comply with this order will result in the recommended dismissal of this case.**

Dated: April 6, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge