UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES E. COHAN, | Case No.: 2:17-cv-01651-JCM-NJK |
| Plaintiff(s), | **Report and Recommendation** |
| v. | (Docket Nos. 22, 22-1) |
| JOSEPH LAMBARDO, et al., | |
| Defendant(s). | |

Plaintiff is proceeding in this action *pro se* and requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 4. On October 3, 2017, the Court granted Plaintiff's application to proceed *in forma pauperis*, and screened his complaint pursuant to 28 U.S.C. § 1915. Docket No. 5. The Court identified deficiencies in Plaintiff's complaint, and therefore dismissed his complaint with leave to amend to provide him an opportunity to cure those defects. *Id.* The Court further granted Plaintiff's two motions to extend time to file an amended complaint. Docket Nos. 9, 13.

On February 5, 2018, Plaintiff filed an amended complaint and errata. Docket Nos. 14, 15. The Court identified deficiencies in Plaintiff's amended complaint and errata, and provided him a second opportunity to cure those defects. Docket No. 16. Plaintiff has now filed a motion to stay his requirement to register under sex offender registration law, and a second amended complaint. Docket Nos. 22, 22-1. For the reasons discussed below, the undersigned **RECOMMENDS** that this case be dismissed.

1

## I. Background

Plaintiff contests his arrest by Defendants Sergeant Rick Binyon and Officers Travis Newcomb and Michael Smith on October 10, 2016, for being a "non[-]compliant sex offender." Docket No. 22-1 at 5-6. Plaintiff alleges that he has never been convicted of sexual assault and that a Las Vegas Metropolitan Police Department [LVMPD] employee entered false information about his conviction for sexual assault in Arizona on the *lvmpd.com* website. *Id.* at 1, 4. Plaintiff frames his second amended complaint as an action under 42 U.S.C. § 1983, for violations of his First, Fifth, and Fourteenth Amendment rights. *Id.* at 4-7.

## II. Discussion

As a preliminary matter, Plaintiff filed, concurrently with his second amended complaint, a motion to stay his requirement to register under the sex offender registration law. Docket No. 22. Plaintiff asks the Court to stay federal law "that ruled that it [is not] unconstitutional to have sex offenders register." *Id.* at 2. Plaintiff fails to state to which United States Supreme Court case or federal rule he is referring. *See generally* Docket No. 22. Moreover, Plaintiff's motion, even construed liberally, is inappropriate and moot given the undersigned's recommendation that this case be dismissed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that documents filed by *pro se* parties must be liberally construed). The Court therefore DENIES Plaintiff's motion to stay his requirement to register as a sex offender. Docket No. 22.

### A. Claim as to the Website Information

Plaintiff alleges that Doe Defendant, "who is an employee of [LVMPD's] identification [bureau]" entered false information about Plaintiff's sexual assault conviction in Arizona. Docket No. 22-1 at 4. Plaintiff further alleges that this act violated his First Amendment right to free speech, as well as his Fifth and Fourteenth Amendment rights to due process. *Id.* Lastly, Plaintiff alleges that Defendant Sheriff Joseph Lombardo violated Plaintiff's civil rights under 42 U.S.C. § 1983, "by failing to properly train Doe [Defendant] in the proce[]dure of entering information onto the internet by [u]sing a computer…." *Id.* at 6.

//
//

      *i.*  Entering the Information on the Website

  The First Amendment prohibits Congress, in relevant part, from "abridging the freedom of speech." U.S. CONST. amend. I. The First Amendment is applicable to written or spoken speech, or to expressive conduct. *See e.g.*, *Griswold v. Connecticut*, 381 U.S. 479, 483 (1965) ("The right of freedom of speech and press includes not only the right to utter or to print, but the right to distribute, the right to receive, [and] the right to read…"); *Jacobs v. Clark County Sch. Dist.*, 373 F. Supp. 2d 1162, 1171 (D. Nev. June 10, 2005) (noting that "the Supreme Court has found that conduct, when mixed with elements of expression, also implicates the First Amendment's protection..."). To allege a violation of his First Amendment right to free speech, Plaintiff must establish, at the minimum, that he engaged or attempted to engage in some form of protected speech. *See e.g.*, *Scheer v. Kelly*, 81 F.3d 1183, 1187 (9th Cir. 2016) (acknowledging that a law which violates the First Amendment's protection of freedom of speech is felt "by individual speakers"); *cf. Foster v. Bhambi*, 2012 U.S. Dist. LEXIS 77188, at *13 (E.D. Cal. June 4, 2012) (finding that the *pro se* prisoner proceeding *in forma pauperis* failed to state a claim for violation of his First Amendment right to free speech because he did not allege "that any of the defendants prevented or discouraged him from expressing himself or communication"); *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006) (applying the standard for a First Amendment retaliation claim, which requires a plaintiff to show, in part, that he engaged in a constitutionally protected activity).

  Here, Plaintiff alleges that an LVMPD employee entered false information about his sexual assault conviction in Arizona on the *lvmpd.com* website. Docket No. 22-1 at 4. The Court finds that Plaintiff himself did not engage or attempt to engage in any protected speech or expressive conduct and, therefore, that he fails to state a claim for violation of his First Amendment right to free speech.

  The Fifth Amendment protects, in relevant part, against violations of an individual's right to due process committed by federal actors. U.S. CONST. amend. V; *see also Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (finding that the Fifth Amendment's due process clause applies only to the federal government); *Foley v. Arstegui*, 2014 U.S. Dist. LEXIS 31317, at *7

(D. Nev. Mar. 10, 2014). In this case, Plaintiff fails to allege that Doe Defendant, as an LVMPD employee, is a federal actor. *See generally* Docket No. 22-1. The Court therefore finds that Plaintiff fails to state a violation of his Fifth Amendment right to due process.

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. To allege a violation of his Fourteenth Amendment right to due process, Plaintiff must first establish the existence of a life, liberty, or property interest for which the protection is sought. *See Ky. Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). In addition, Plaintiff must allege that the processes in place are inadequate. *See Zinermon v. Burch*, 494 U.S. 113, 126 (1990). In this case, the crux of Plaintiff's complaint is that information regarding his sexual assault conviction was falsely entered on the *lvmpd.com* website. Docket No. 22-1 at 3-5. This allegation, now pleaded three times, fails to provide a sufficient basis from which the Court can determine that a violation of Plaintiff's Fourteenth Amendment right to due process is plausible regarding entry of information on a public website. The Court therefore finds that Plaintiff fails to state a claim for violation of his Fourteenth Amendment right to due process.

Where the identity of a defendant is unknown prior to filing a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendant, "unless it is clear that discovery would not uncover the [identity], or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999); *see also* Docket No. 16 at 3. Although Plaintiff names the unidentified LVMPD employee in his second amended complaint as Doe Defendant, because the undersigned recommends that this case be dismissed on other grounds, Plaintiff will not be given any further opportunities to identify the unknown defendant.

    *ii.*  Alleged Failure to Train

Plaintiff alleges that Defendant Lombardo is subject to liability under 42 U.S.C. § 1983 for failing to adequately train Doe Defendant "in the proce[]dure of entering information onto the internet by [u]sing a computer…." Docket No. 22-1 at 6. "[L]iability under section 1983 arises only upon a showing of personal participation [in the alleged misconduct] by the defendant."

4

*Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  However, a cause of action may nonetheless exist under 42 U.S.C. § 1983 if it is alleged that a municipality or municipal officer's failure to adequately train or supervise subordinates lead to the deprivation of the plaintiff's constitutional rights.  *See Aguilar v. Kuloloia*, 2007 U.S. Dist. LEXIS 73332, at *16 (D. Nev. Sept. 28, 2007); *see also Fixel v. United States*, 737 F.Supp. 593, 598 (D. Nev. 1990).

The failure to adequately train must amount to a "deliberate indifference to the rights of the person with whom the police came into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *see also Gibson v. County of Washoe*, 290 F.3d 1175, 1194 (9th Cir. 2002).  A training policy illustrates deliberate indifference when policymakers continue to adhere "to an approach that they know or should know has failed to prevent tortious conduct by employees." *Bird v. Nev. Highway Patrol*, 2017 U.S. Dist. LEXIS 19208, at *10-11 (D. Nev. Jan. 23, 2017) (citing *Long v. County of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006)); *see also Walls v. Las Vegas Metro. Police Dep't*, 2013 U.S. Dist. LEXIS 38662, at *7-8 (D. Nev. Mar. 19, 2013) ("Deliberate indifference occurs when the need for more or different action 'is so obvious, and the inadequacy [of the current procedure is] so likely to result in the violation of constitutional rights, that the policymakers … can reasonably be said to have been deliberately indifferent to the need'.") (internal citation omitted).

To allege failure to adequately train under 42 U.S.C. § 1983, Plaintiff must first establish that the training constitutes a widespread policy and is inadequate.  *See Bird*, 2017 U.S. Dist. LEXIS 19208, at * 11.  Plaintiff must then establish that the violation or injury would have been avoided, but for the inadequate training policy.  *See id*.  In this case, Plaintiff makes a conclusory allegation that Defendant Lombardo, "being the head of [LVMPD,]" failed to properly train Doe Defendant to enter information on the *lvmpd.com* website.  Docket No. 22-1 at 6-7.  Plaintiff fails to allege, however, that the training policy was widespread, that but for the policy, his constitutional rights would not have been violated, or that the need to change the training policy is obvious.  The Court therefore finds that Plaintiff fails to state a claim for failure to adequately train under 42 U.S.C. § 1983.

B.  Claim as to Plaintiff's Arrest and Detention

Plaintiff alleges that Defendants Binyon, Newcomb, and Smith violated his Fifth and Fourteenth Amendment rights to due process by removing him from his car, arresting him, and transporting him to jail. Docket No. 22-1 at 5-7. As discussed in Section II(A)(i), the Fifth Amendment applies only to federal actors. Plaintiff fails to allege that Defendants Binyon, Newcomb, and Smith, as LVMPD officers, are federal actors. *See generally* Docket No. 22-1. The Court therefore finds that Plaintiff fails to state a claim for violation of his Fifth Amendment right to due process.

To allege a deprivation of procedural due process under the Fourteenth Amendment, Plaintiff must first establish the existence of a life, liberty, or property interest for which the protection is sought. *See supra*, Section II(A)(i). Plaintiff must then plead that the processes in place are inadequate. *Id*. The Court finds that Plaintiff fails to make this showing and, therefore, fails to state a claim for violation of his Fourteenth Amendment right to due process.[1]

//
//
//
//
//
//
//

---

[1] Plaintiff cites to *Clanton v. Cooper* in his second amended complaint. Docket No. 22-1 at 7 (129 F.3d 1147 (10th Cir. 1997)). In *Clanton*, the Court compared the transmission of false information over the National Crime Information Center system, "in order to cause unjustifiedly [*sic*] extended incarceration of a suspect," with the violation of the Fourth Amendment's warrant requirement when a false statement is included in an affidavit and relied upon to find probable cause. 129 F.3d at 1154-56. The Court construes Plaintiff's citation to *Clanton* to argue that the holding in *Clanton* applies to the instant case, and warrants a finding that Defendants Binyon, Newcomb, and Smith violated his Fourteenth Amendment right to due process by arresting him because of the allegedly falsely entered information about his sexual assault conviction in Arizona on the *lvmpd.com* website. Although various factual parallels exist between the instant case and *Clanton*, the Court finds that an extension of the Tenth Circuit's finding is unwarranted because Plaintiff's second amended complaint does not allege a Fourth Amendment violation and does not allege that the allegedly false information on the *lvmpd.com* website lead to his arrest. *See generally* Docket No. 22-1.

## III. Conclusion

For the reasons discussed above, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice. The Court further **DENIES** Plaintiff's motion to stay his registration requirement under sex offender law. Docket No. 22.

IT IS SO ORDERED.

Dated: July 9, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document**. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).